OPINION OF THE COURT
Edward O. Provenzano, J.
Defendant has moved, pursuant to CPL 440.20 (subd 1), to set aside a sentence imposed on him by the undersigned in this court on August 19, 1975 whereby, upon his conviction of the crime of criminal possession of a controlled substance in the second degree, defendant was sentenced to an indetermi *171 nate term of imprisonment having a minimum of eight and one-third years and a maximum of life imprisonment.
On appeal to the Appellate Division, Fourth Judicial Department, defendant’s aforesaid conviction was unanimously affirmed, without opinion (People v Strong, 55 AD2d 1055). One of the points raised by defendant’s counsel on said appeal was the alleged unconstitutionality of the statutes under which defendant was sentenced on the grounds that a mandatory maximum term of life imprisonment coupled with provision for lifetime parole (if any) denied defendant equal protection and constituted cruel and unusual punishment. Defendant’s appellate counsel recognized that the Court of Appeals’ holding in People v Broadie (37 NY2d 100, cert den 423 US 950) was contrary to his said position, and wrote that the point was being raised "for a possible futuristic benefit” to the defendant. Leave to appeal to the Court of Appeals was denied by Judge Jasen of that court on March 10,1977.
In order to succeed on this motion, defendant must establish that his sentence "was unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20, subd 1). In support thereof, defendant asks the court to follow the recent holding of District Judge Motley in Carmona v Ward (436 F Supp 1153). In that case the District Court held that the mandatory maximum lifetime terms imposed on two of three defendants convicted of trafficking in cocaine were unconstitutionally "cruel and unusual” because:
(1) they were grossly disproportionate to the nature of the offenses;
(2) they were significantly more severe than those which would have been imposed for the same offense in any other jurisdiction in the United States;
(3) they were more severe than those imposed for many serious and violent crimes in New York; and
(4) in terms of maximum sentence imposed — the only proper yardstick for Eighth Amendment purposes — the statutory scheme under which they were sentenced fails to distinguish between minor offenders and major drug dealers (all receiving the same lifetime term).
Judge Motley did not specifically refer to the nature of the drug (cocaine, as distinguished from heroin or other drugs) in the cases before her as a factor in arriving at her determination. Nevertheless, it fairly appears to this court that Car *172 mona must be read as a holding of statutory unconstitutionality "as applied” to particular defendants convicted of sale and possession of cocaine. The District Court’s opinion contains the following (p 1165): "Thus, the precise question before the court is whether the State of New York may constitutionally punish either the sale of one individual dose of cocaine (in Mrs. Fowler’s case) or possession of 3 and % ounces of cocaine (in Ms. Carmona’s case) by life imprisonment.” (Emphasis added.)
Judge Motley also noted (p 1167) that while Louisiana still retains a mandatory life sentence for sale of heroin the penalty for sale of (or possession with intent to sell) cocaine is a term of 5 to 30 years at hard labor and a fine of up to $15,000.
This court finds Carmona inapplicable to the present defendant. Roosevelt Strong was convicted of criminal possession of a package, of the aggregate of weight of more than one ounce, containing heroin. The Legislature classified that offense as a class A-II felony, punishable by a term of imprisonment having a mandatory minimum of at least six years and a mandatory maximum of life imprisonment (Penal Law, § 220.18, subd 1; § 70.00, subd 2, par [a]; subd 3, par [a], cl [ii]).
The statutes under which defendant was convicted and sentenced were specifically held to be constitutional, in the unanimous opinion of the seven Judges of New York’s highest court, in People v Broadie (37 NY2d 100, supra). The Broadie opinion, which adjudicated the appeals of eight defendants, contains the following (with emphasis added): "Six defendants were convicted of one or two felonious 'street’ sales of heroin or cocaine. Two, however, were convicted of more serious offenses: sale of one-eighth ounce or more of cocaine, and possession of one ounce or more of heroin ” (p 110). "Measured thus by the harm it inflicts upon the addict, and, through him, upon society as a whole, drug dealing in its present epidemic proportions is a grave offense of high rank” (p 113). "Thus, to achieve the deterrence, so far seemingly elusive, the would-be drug trafficker had to be put on notice that, should he be caught, his fate was sealed regardless of his position in the hierachy of distribution and regardless of the quantity of drugs in which he dealt” (p 115).
In Carmona (supra) Judge Motley observed (p 1160) that Broadie rejected the "cruel and unusual” attack on the 1973 drug law provisions, both on their face and as applied to factual patterns clearly encompassed by the Legislature’s *173 intent, and likewise rejected the "equal protection” challenge thereto.
The Supreme Court denied certiorari in Broadie on November 11, 1975 (423 US 950). It does not appear that any of the eight participating Justices were of the opinion that the writ should be granted. The denial of certiorari by the Supreme Court is usually regarded as at least some indication that the claim of violation of the Federal right was not crucial. (See 44 St John’s L Rev 660, 665 [Hopkins, J.].)
This court is bound to follow the holding of People v Broadie (supra) under the principle of stare decisis. Therefore, insofar as Carmona v Ward (supra) may differ with Broadie as concerns the present defendant, this court declines to follow Carmona.
At the time of his aforesaid sentence, defendant stood charged, under three other indictments, with criminal sale of a controlled substance in the third degree (a class A-III felony), criminal possession of a controlled substance in the third degree (a class A-III felony) and conspiracy in the first degree (a class B felony). It could thus hardly be said that he was such an "accidental offender” as to whom "in some rare case on its particular facts it may * * * be found that the statutes have been unconstitutionally applied” (Broadie, supra, p 119; see Carmona v Ward, supra, p 1160).
Defendant has not established that his sentence was unauthorized, illegally imposed or otherwise invalid as a matter of law. His motion to set aside the sentence is therefore denied.